UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MINERMET S.A.,

                        Plaintiff,

-v-

P.T. PALM MITRA MANDIRI,
                        Defendant.
------------------------------------------------------------x



'08 CIV 3715

VERIFIED COMPLAINT

      Plaintiff, MINERMET S.A. (hereinafter "MINERMET"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendant, P.T. PALM MITRA MANDIRI (hereinafter "P.T. PALM"), alleges upon information and belief as follows:

## JURISDICTION

      1.     The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

## THE PARTIES

      2.     At all times material hereto, Plaintiff, MINERMET, was and still is a foreign business entity duly organized and existing pursuant to the laws of Switzerland.

      3.     At all times material hereto, Defendant, P.T. PALM, was and still is a foreign business entity duly organized and existing pursuant to the laws of Indonesia with an office and principal place of business at Jin. Brigjend Katamso No. 58-G, Medan 20151, Indonesia.

## FACTS AND CLAIM

4. On or about October 30, 2006, MINERMENT and P.T. PALM entered into a contract for the sale and shipment of certain Indonesian Palm Kernel Expellers in bulk.

5. This contract, incorporating the terms and conditions of the GAFTA Contract No. 119 and GAFTA Arbitration Rules No. 125, is a maritime contract.

6. Pursuant to the terms of the agreement, P.T. PALM was to supply to MINERMET's nominated single deck bulk carrier, suitable for grab discharge, a total of twelve thousand (12,000) metric tons (ten (10) percent more or less in MINERMET's option) of Indonesian Palm Kernel Expellers in bulk, at a rate of US$ 53.75 per metric ton.

7. However, despite P.T. PALM's obligations pursuant to the contract, P.T. PALM failed to deliver the complete cargo of Indonesian Palm Kernel Expellers.

8. Despite, plaintiff, MINERMET's, presentment of various vessels for loading of the cargo up to the contractually agreed amount of 12,200 metric tons, P.T. PALM only provided 7,100 tons of Indonesian Palm Kernel Expellers (i.e. 5,100 metric tons less than the contractually agreed amount of cargo).

9. At the time of P.T. PALM's breach of the contract, the market rate for Indonesian Palm Kernel Expellers was US$107 per metric ton. Therefore, MINERMET was damaged US$271,575.00 (i.e. 5,100 metric tons not shipped multiplied by the difference between the market price, US$107 and the contract price US$53.75).

10. Despite MINERMET's repeated demands for payment by P.T. PALM, defendant P.T. PALM, in breach of the terms of the agreement, has failed, neglected

and/or otherwise refused to pay plaintiff, MINERMET, US$271,575.00, the sum due and owing MINERMET.

11. In accordance with the terms of the agreement, disputes arising out of the agreement are to be resolved by way of GAFTA Nr. 125 arbitration proceedings. Accordingly, MINERMET appointed its arbitrator and arbitration proceedings moved forward.

12. Thereafter, on or about February 22, 2008, the arbitration panel rendered a final award in MINERMET's favor against P.T. PALM, in the amount of US$271,575.00, plus interest at 6% per annum calculated at quarterly rests from May 16, 2007 and the fees and expenses of arbitration in the amount of £3,731.00 (US$7,422.69). Therefore, MINERMET's total claim against P.T. PALM is not less than US$295,292.19.

13. Furthermore, pursuant to 9 U.S.C. § 207, it is requested that this Court confirm and enter judgment on the arbitration award in the amount of US$295,292.19.

## BASIS FOR ATTACHMENT

14. Defendant cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendant is believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like belonging to, claimed by, or for the benefit of, the Defendant, within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

15. Plaintiff believes that some of these assets, to wit: accounts; bank accounts; monies; charter hire; credits; debts owed to the defendants; effects; payments

for bunkers, cargo, goods or services; debts; unmatured debts; bills of lading; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to or for the benefit of, Defendant, P.T. PALM, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including, but not limited to, ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi UFJ Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JPMorgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A.  That process in due form of law issue against the Defendant, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B.  That since the Defendant cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendant's tangible or intangible property or any other funds held by any garnishees in the district which are due and owing, or other property of, or for the benefit of, the Defendant, up to the amount of US$295,292.19 to secure and

satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

      C.      That pursuant to 9 U.S.C. § 207, this Court confirm and enter judgment on the arbitration award in the amount of US$295,292.19.

      D.      That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
April 18, 2008

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
MINERMET S.A.

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MINERMET S.A.,

                              Plaintiff,                    08 CV

-v-

                                                     **VERIFICATION OF**
                                                     **COMPLAINT**

P.T. PALM MITRA MANDIRI,
                              Defendant.
------------------------------------------------------------x

       Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

       1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, MINERMET S.A., herein;

       2.      I have read the foregoing Verified Complaint and know the contents thereof; and

       3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

       4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

       I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      April 18, 2008

                        CHALOS, O'CONNOR & DUFFY, L.L.P.
                        Attorneys for Plaintiff
                        MINERMET S.A.

        By:        _____
                        George M. Chalos (GC-8693)
                        366 Main Street
                        Port Washington, New York 11050
                        Tel: (516) 767-3600
                        Fax: (516) 767-3605
                        Email: gmc@codus-law.com